UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELAINE MARY MURPHY,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WILLIAM MILLIGAN SLOAN,<br><br>　　　　Respondent. | Case No.  13-cv-04069-JST<br><br>**ORDER GRANTING APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE**<br><br>Re: ECF No. 6 |

Before the Court is Petitioner Elaine Mary Murphy's *Ex Parte* Application for a Temporary Restraining Order enjoining Respondent William Milligan Sloan from removing their minor child from the jurisdiction of this Court pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, 19 I.L.M. 1501 ("Convention"), as implemented by the International Child Abduction Remedies Act ("ICARA"), codified at 42 U.S.C. § 11601, *et seq.*, pending a preliminary injunction hearing. ECF No. 6. The Court will grant the application.

**I.　BACKGROUND**

The following facts are drawn from Petitioner's Verified Complaint and Petition for Return of Child Under 16 Years Old, ECF No. 1. Petitioner, a citizen of Ireland, seeks the return of her eight-year-old daughter, E. Pet. ¶ 1. Petitioner and Respondent married and lived together in California in 2000. Id. ¶ 14. Their child, E., was born in 2005, during the marriage. Id. ¶ 15. In April 2010, Petitioner moved to Ireland with E., with Respondent's consent. Id. ¶ 16. Petitioner and E returned to the United States twice during the summer of 2010 before returning to Ireland so E. could start school in Kinsale, County Cork, Ireland. Id. ¶ 17. Respondent resided, and continues to reside, in Marin County, California. Id. ¶ 18. He filed for divorce in Marin

1  County Superior Court on October 25, 2010, Case No. FL 1005659. Id. ¶ 19. That action is
2  pending.
3        E. attended school in Ireland for the 2010, 2011, and 2012 scholastic years. Id. ¶ 20. Her
4  report cards and certificates from her dance school in Ireland are attached to Petitioner's
5  declaration in support of the Petition. According to Petitioner, E. speaks Gaelic, is doing well in
6  school in Ireland, and considers Ireland her home. Id. ¶¶ 11–19.
7        E. had previously visited Respondent in the United States: for Halloween and
8  Thanksgiving 2010; for Easter, Summer, Halloween, and Thanksgiving 2011; Summer,
9  Halloween, Thanksgiving, and in February 2012; and Easter 2013.
10        On June 12, 103, Respondent arrived in Kinsale to pick up E. for a summer vacation in the
11  United States. Id. ¶ 21. While in Ireland, Petitioner and Respondent spoke to E.'s teacher;
12  Respondent did not indicate that E. would not return to Ireland. Id. ¶ 22. On June 16, 2013, E.
13  left Kinsale, County Cork, Ireland with Respondent for a summer visit to the United States. Id. ¶
14  12. Petitioner believed E. would return to Ireland in late August 2013. Id. Respondent took with
15  him both of E.'s passports (U.S. and Ireland), two years of report cards (which he said he wanted
16  to show to his parents), and some of E.'s summer clothes, but not winter clothes. Id. On June 21,
17  2013, over the phone from the United States, Respondent revealed to Petitioner that he did not
18  intend to return E. to Ireland. Id. ¶ 24. On July 20, 2013, during a conversation about E.'s return
19  to Ireland, Respondent allegedly told Petitioner "That is in the hands of the attorneys." Id. ¶ 23.

## II. ANALYSIS

The Convention, as implemented by ICARA, mandates that a child abducted from his or her home country in violation of one parent's "rights of custody" be immediately returned so that a custody determination may be made under the laws of that country:

> The Convention's central operating feature is the return remedy. When a child under the age of 16 has been wrongfully removed or retained, the country to which the child has been brought must "order the return of the child forthwith," unless certain exceptions apply . . . . [This] return remedy does not alter the pre-abduction allocation of custody rights but leaves custodial decisions to the courts of the country of habitual residence.
>
> The United States has implemented the Convention through the

2

> ICARA. The statute authorizes a person who seeks a child's return to file a petition in state or federal court and instructs that the court "shall decide the case in accordance with the Convention."

Abbott v. Abbott, 560 U.S. 1, 1989 (2010). See also Cuellar v. Joyce, 596 F.3d 505, 508 (9th Cir. 2010) ("A court that receives a petition under the Hague Convention may not resolve the question of who, as between the parents, is best suited to have custody of the child. With a few narrow exceptions, the court must return the abducted child to [his or her] country of habitual residence so that the courts of that country can determine custody.") (emphasis in original).

A petitioner seeking return of a child under ICARA must prove by a preponderance of the evidence that the child "was wrongfully removed or retained" within the meaning of the Convention. 42 U.S.C. § 11603(e)(1)(A). A "wrongful removal or retention" involves a breach of the non-removing parent's "rights of custody," which includes the right to care for the child and determine his or her place of residence. The right at issue must (1) arise under "the law of the state in which the child was habitually resident immediately before the removal and retention"; (2) have been "actually exercised" at the time of the removal or retention; and (3) relate to a child under the age of sixteen. If the foregoing elements are proven, the court must "order the return of the child forthwith." See Abbott, 560 U.S. at 1991.

A court exercising jurisdiction under ICARA "may take or cause to be taken measures under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). That authority extends to issuing an *ex parte* temporary restraining order where the requirements of Federal Rule of Civil Procedure 65(b) are satisfied. Under Rule 65(b), a party seeking a temporary restraining order must establish: (1) a likelihood of success on the merits, (2) a likelihood of irreparable injury if the requested relief is not granted, (3) that a balancing of the hardships weighs in its favor; and (4) that the requested relief will advance the public interest. See Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008).

Here, the Court finds that Petitioner has satisfied each element.

First, in order to establish a *prima facie* case under ICARA, a petitioner seeking return of a child must show that the child is under sixteen years of age, and that the child was removed or

retained in a contracting state "in breach of rights of custody attributed to a person . . . either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention," and that "at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention." Convention, Art. 3(a)–(b). Both elements are satisfied here. Petitioner has adequately established a likelihood of success on the merits by making a *prima facie* showing that E. is under sixteen years of age, that her habitual residence is in Ireland, that E. was removed from Ireland in breach of Petitioner's custodial rights, which rights Petitioner would have exercised but for the removal.

Second, Petitioner has adequately shown a likelihood of irreparable injury if an injunction restraining Respondent from removing E. from the district does not issue. Respondent removed E. from Ireland without expressing his intent not to return her, and he has traveled with her throughout the United States during past visits. In addition, Petitioner has adduced "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," thereby satisfying the requirement for an *ex parte* temporary restraining order to issue. Fed. R. Civ. P. 65(b)(1).

Third, considering the relief requested, the balance of hardships tips sharply in Petitioner's favor. The requested injunction is minimally burdensome. By contrast, Petitioner faces substantial hardship absent issuance of the requested relief.

Finally, the Court finds that issuance of the requested relief advances the public interest. "[T]he international abduction . . . of children is harmful to their well-being," and anyone who engages in such conduct "should not be permitted to obtain custody of children by virtue of their wrongful removal or retention." 42 U.S.C. § 11601(a)(1), (2). Petitioner's minimally burdensome relief ensures that her Hague Convention claim and her underlying custody rights may be meaningfully adjudicated, preventing Respondent from obtaining custody of E. by virtue of a wrongful removal or retention.

For the foregoing reasons, the Court ORDERS as follows:

1.    Petitioner's Application for an *Ex Parte* Temporary Restraining Order is hereby GRANTED.

2.    Respondent William Milligan Sloan is prohibited from directly or indirectly removing E., born 2005, from the Northern District of California, until further order of the Court. This restriction shall automatically expire on September 16, 2013, at 11:59 p.m.

3.    The Court finds that there is no reasonable likelihood of harm to Respondent from being wrongfully enjoined, and therefore orders that Petitioner is not required to give security pursuant to Federal Rule of Civil Procedure 65(c).

4.    Respondent William Milligan Sloan is ORDERED to show cause why he should not be prohibited from removing the children from this Court's jurisdiction until this proceeding is concluded. Respondent is further ORDERED to show cause why the relief requested in the Verified Complaint and Petition, ECF No. 1, including the return of the parties' minor child to the Republic of Ireland pending trial, should not be granted. Respondent shall file his response to this Order in writing by September 9, 2013.

5.    The parties shall appear before this Court on Thursday, September 12, 2013, at 9:30 a.m., for a hearing on this Order to Show Cause.

5.    Respondent is further ORDERED to produce E.'s passports and any other identification and/or travel documents at the hearing and to deposit them with the Court for safekeeping until this proceeding is concluded.

5.    A copy of this Order, along with a copy of the Verified Complaint and Petition, shall promptly be served upon Respondent. A proof of service shall be filed thereafter.

**IT IS SO ORDERED.**

Dated: September 3, 2013

_____
JON S. TIGAR
United States District Judge